# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**CHARLES EDWARD JONES, SR.**                                                      **PETITIONER**

**V.**                  **CASE NO. 5:17-CV-183-JLH-BD**

**WENDY KELLEY**                                                 **RESPONDENT**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Mr. Jones may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Jones may also waive any right to appeal questions of fact.

### II. Discussion

Charles Edward Jones, Sr. filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docket entry #1) He did not file a motion to proceed *in forma pauperis* and did not pay the filing fee. In an order dated August 10, 2017, the Court notified Mr. Jones of several problems with his petition. (#4) Instead of responding to the order, Mr. Jones filed a notice of appeal with the Court of Appeals for the Eighth Circuit.

The Eighth Circuit dismissed his appeal for failure to prosecute and issued a mandate on October 20, 2017. (#13)

On November 15, 2017, the Court again notified Mr. Jones of the problems with his petition and gave him an opportunity to convert his case from a habeas petition to a civil complaint. (#14) In the same order, the Court ordered Mr. Jones to pay the filing fee or to file a motion to proceed *in forma pauperis*. (*Id.*) The Court cautioned Mr. Jones that failure to comply with the order would result in dismissal of this action under Local Rule 5.5(c)(2) and the Federal Rules of Civil Procedure. (#2)

The Court is hesitant to recommend dismissal of a habeas petition based solely on a failure to comply with local rules because of the strict limitations applicable to habeas corpus petitions. In this case, however, Mr. Jones has not challenged either a conviction or his current custody. He has not filed an application to proceed *in forma pauperis* or paid a filing fee. Moreover, he has neither filed papers addressing the deficiencies in his petition nor stated whether he wants to pursue a civil, conditions-of-confinement claim.

After carefully considering Mr. Jones's pleadings, the Court concludes that the pending lawsuit should not be construed as a habeas corpus petition. His challenges to the disciplinary hearing process and the loss of privileges are conditions-of-confinement, *not habeas corpus*, claims. (#1) As written, his pleadings fail to state a federal claim for relief.

### III.  Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the

United States District Court. The Court can issue a certificate of appealability only if Mr. Jones has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c) (1)-(2). In this case, Mr. Jones has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## IV. Conclusion

For the reasons set forth above, the Court recommends that this lawsuit be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to comply with the Court's November 15, 2017 Order.

DATED this 19th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE